IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

R. JAMIE RUHL,

      Plaintiff,

      v.

CATHI J. SPEAR, et al.,

      Defendants.

Case No. 2:11-cv-1026
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for judgment on the pleadings filed by Defendants Cathi Spear and David Langston. (ECF No. 5.) For the reasons that follow, this Court finds the motion well taken.

### I. Background

According to the Complaint, Plaintiff, R. Jamie Ruhl, is a resident of the State of Ohio. Defendant David Langston is an attorney who represents Defendant Cathi Spears in litigation in the Alabama state court system against Rhul. Defendants are both residents of Alabama. The Complaint also names Unknown Defendants A, B, C, and D.

Ruhl alleges that, on January 25, 2010, Spear and Langston filed a civil action against him in an Alabama court in which they sought modification of a May 7, 2008 Tennessee court judgment. The Alabama litigation resulted in a modification under which Ruhl and Spears operated until an Alabama court of appeals subsequently declared the modification void. Ruhl asserts that Spear and Langston have continued to pursue additional litigation against him in Alabama.

Ruhl avers that he has incurred unnecessary legal fees as a result of the Alabama

proceedings. He claims that Langston has engaged in legal malpractice that have enabled Spears and Langston to engage in tortious interference with Ruhl's business relationships in the state of Ohio and in abuse of process. Ruhl also asserts that his fundamental rights have been violated, including his due process rights. Construing Ruhl's *pro se* Complaint liberally, it appears that he asserts claims against Defendants under 42 U.S.C. §§ 1983 and 1985, as well as claims for declaratory judgment, tortious interference with business relationships, abuse of process, and infliction of emotional distress. (ECF No. 2.) It is arguably unclear under precisely which state's law Ruhl is proceeding, given that his pleading indicates that he seeks relief partially under the Alabama Litigation Accountability Act, Ala. Code § 12-19-270 *et seq.*

Spear and Langston filed an Answer on December 8, 2011. (ECF No. 3.) They then filed a motion to dismiss on February 21, 2012. (ECF No. 5.) Ruhl failed to file a response to the motion within the time to do so. *See* S. D. Ohio Civ. R. 7.2(a)2). Accordingly, briefing on the motion has closed, and the motion is now ripe for disposition.

## II. Discussion

### A. Standards Involved

Spear and Langston caption their Federal Rule of Civil Procedure Rule 12 motion a motion to dismiss, but this is an incorrect characterization of the filing given that they had previously filed their Answer. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Their motion is therefore actually a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c).

Both Spear and Langston first argue that there is a lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). In such situations, the party asserting that the Court

2

has personal jurisdiction has the burden of proving it. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). If a defendant supports a Rule 12(b)(2) motion by affidavit, the plaintiff "by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." *Weller*, 504 F.2d at 930. When presented with a properly supported Rule 12(b)(2) motion, a court has the discretion to decide the motion on the briefs and affidavits or it may permit discovery and an evidentiary hearing. *Theunissen*, 935 F.2d 1458. In the absence of a preliminary evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Theunissen*, 935 F.2d 1458; *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168-69 (6th Cir. 1988).

In diversity cases, courts look to the law of the forum state to determine whether personal jurisdiction exists. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000); *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1298 (6th Cir. 1989) (citing *S. Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 376 n.2 (6th Cir. 1968)). A federal district court may exercise personal jurisdiction only if the requirements of both the state long-arm statute and constitutional due process are met. *See Calphalon*, 228 F.3d at 721; *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). *See also Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 235, 638 N. E.2d 542, 543 (1994) ("When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution.").

This analysis is not conflated into one step because Ohio's long-arm statute does not reach to the limits allowed by the Constitution. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998). Although Ohio's long-arm statute "does not extend to the constitutional limits of the Due Process Clause, [the] central inquiry is whether minimum contacts are satisfied so as not to offend 'traditional notions of fair play and substantial justice.'" *Calphalon*, 228 F.3d at 721 (citing *Cole*, 133 F.3d at 436). When jurisdiction is founded on the long-arm statute, the claim asserted must arise from at least one of the nine criteria listed in the statute. *See* Ohio Revised Code § 2307.382(A)(1)-(9); *Berning v. BBC, Inc.*, 575 F. Supp. 1354, 1356 (S.D. Ohio 1983). Among those criteria are transacting business in Ohio, contracting to supply goods or services in Ohio, causing tortious injury in Ohio under particular circumstances, and having a real property interest in Ohio. Ohio Rev. Code § 2307.382(A)(1)-(9).

Spear and Langston alternately move for dismissal on the grounds that Ruhl has failed to set forth a claim upon which this Court can grant relief. This argument requires the Court to construe the Complaint in favor of Ruhl, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

4

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

This Court begins with the threshold issue of personal jurisdiction. The *pro se* Complaint and the state of the briefing present this Court with less than ideally developed discussion of this issue. Regardless, Spear and Langston argue that there is a lack of personal jurisdiction because they both reside in Alabama, are citizens of that state, and have no connections to Ohio. Specifically, they deny via affidavits that they maintain any office in Ohio, own real property in Ohio, regularly conduct business or solicit business in Ohio, or are registered to do business in Ohio. Such representations render inapplicable much of Ohio Revised Code § 2307.382, which provides for personal jurisdiction under select circumstances when an out-of-state defendants allegedly cause tortious injury to an Ohio citizen.

Ruhl fails to suggest that Spear or Langston have continuous or systematic contact with Ohio or that there is a substantial enough Ohio connection to make the exercise of personal jurisdiction reasonable. In fact, in failing to file a memorandum in opposition, Ruhl presents no argument whatsoever to meet his burden of establishing personal jurisdiction; he has elected to stand on his pleading. Even construed in the light most favorably to Ruhl, the Complaint fails to

persuade this Court that the alleged facts of this case satisfy any potentially applicable provision of § 2307.382. It is simply not the proper role of this Court to create an argument for Ruhl based on every possible statutory provision that might fit his allegations and then test that supplied argument to ascertain whether Rhul has proved jurisdiction. Accordingly, the Court finds that Ruhl has failed to demonstrate that Ohio's long-arm statute confers personal jurisdiction over Spear and Langston.

Having reached this conclusion, the Court need not and does not address whether the exercise of personal jurisdiction here would violate due process. *See State ex rel. DeWine v. S&R Recycling, Inc.*, 195 Ohio App.3d 744, ___, 961 N.E.2d 1153, 1161 (Ohio App. 7th Dist. 2011). Nor does the Court need to reach the alternative grounds for dismissal that Spear and Langston assert under Rule 12(b)(6).

### III. Conclusion

This Court **GRANTS** Defendants's motion for judgment on the pleadings. (ECF No. 5.) The Clerk shall therefore dismiss Spear and Langston from this litigation. This Court also notes that the record does not reflect that Ruhl perfected service upon the unidentified defendants named in the Complaint within 120 days after the filing of that pleading. The Court therefore **ORDERS** Ruhl to show good cause for failure of service within seven days from the date of this Opinion and Order or the Court shall proceed to dismiss the claims against the unidentified defendants pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE